UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSAN LASK,<br><br>                            Plaintiff.<br><br>    -vs-<br><br>MARGARET RHEE-KARN and<br>DOUGLAS R. DOLLINGER, ESQ.,<br><br>                          Defendants. | Case No.: 24-2666<br><br>**NOTICE OF REMOVAL**<br><br>Removed from:<br><br>Supreme Court of the State of New York, New York County, Index No. 151005/2024 |

**TO:**   Clerk of the U.S. District Court for the Southern District of New York:

**PLEASE TAKE NOTICE THAT** Defendants, MARGARET RHEE-KARN and DOUGLAS R. DOLLINGER, ESQ., collectively the defendants, ("Defendants"), hereby seeks to remove to this Court the state court action described herein, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1447. Pursuant to 28 U.S.C. § 1446(d) and this Court's Local Rules, copies of this Notice of Removal is being served on all parties at the addresses listed in Plaintiff's state court complaint and are being filed in the Supreme Court of the State of New York, New York County.

## INTRODUCTION

1.  On February 2, 2024, Plaintiff SUSAN LASK ("LASK") filed the complaint (the "Complaint") in the Supreme Court of the State of New York, New York County, styled as Susan Lask. *v. Margrett Rhee-Karn and Douglas R. Dollinger Esq*., Index No. 151005/2024 (Exhibit "1" the "State Court Action"). Pursuant to Local Rule 81(a)(1), a completed civil cover sheet will be filed herewith. Other than the Complaint and Civil Cover Sheet there are no other documents to transfer. Both Defendants seek to remove the case to this Court.

2.  The State Court Action concerns a February 23, 2023, text sent by Defendant Rhee-Karn alleging Rhee-Karn engaged in "harassment and stalking of Plaintiff's and her clients, interfering with her business to satisfy the Defendants malicious intent to harm her

personally and professionally as they both have a history of this misconduct to her and others, including "*their intent to intimidate and extort her to pay Defendants money she does not owe them to settle a case they filed called Rhee-Karn v Lask in SDNY.*" Plaintiff's Complaint raises a series of allegations against the named Defendants in connection with the Court filings, alleging conspiracy, libel and other claims intended to injure Plaintiff.

3. The Court filing arise form a case assigned to Magistrate Robert W. Lehrburger and captioned *Rhee-Karn v. Lask* Case No:15-cv-09946-RWL. The complaint has not been personally served, however, a demand to accept service by mail was received on March 20, 2024.

4. On March 27, 2023, the Magistrate in the *SDNY* case issued an Order responding to a letter motion to retrain the Plaintiff filed by Defendants reporting to the Court that Plaintiff's complaint contained false statements alleging that "Rhee-Karn appear personally to answer the question surrounding her text and admonished her for attacking LASK and her client with her malicious text and informed that a libel and interference with contractual relations case may be appropriate against Defendants."

5. The Court did not issue an order restraining LASK but entered a written Order admonishing LASK concerning the false statements, holding that "[t]he Court does admonish Defendant, however, for suggesting in her state-court complaint that this Court in any way endorsed her filing such an action." (DE-434).

6. LASK seeks damages of more than One Million Dollars (1,000,000)." No further proceedings, nor has an answer has been filed or occurred in the State Court Action. Plaintiff's allegations are denied, and that the Defendants can establish serious ethical violation of federal and state law requiring this Court's oversight and direct claims against LASK.

**BASIS FOR REMOVAL**

    I.    **Removal is Proper Because This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1332 and 1441(b).**

7.    Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action because it is between citizens of different states, and the amount in controversy is greater than $75,000, exclusive of interest and costs. Therefore, this action could have originally been filed in this Court and is now properly removed to this Court.

    a.    *There is Complete Diversity of Citizenship Among the Parties.*

8.    Plaintiff LASK is citizen of New Jersy or Florida and admits in court filings she is not a citizen or resident of New York.

9.    Defendants RHEE-KARN and DOLLINGER are both citizens of New York.

Generally, "[a]n individual's citizenship, within the meaning of the diversity statute, is determined by his domicile[.]" *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019) (internal quotation marks omitted). Here, the Complaint specifically alleges that Defendant RHEE-KARN is a resident of New York and implies DOLLINGER is as well.

10.    Hence, there is complete diversity between the Plaintiff and the Defendants in this case, and this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

    b.    *The Amount in Controversy Requirement is Satisfied.*

11.    To determine the amount in controversy, courts look first to the plaintiff's state court petition. The amount in controversy meets the jurisdictional requirements, as Plaintiff is seeking to recover at least One Million Dollars ($1.00,000) in damages, plus interest and legal fees.

II.    **Defendants Have Satisfied the Procedural Requirements for Removal.**

12.    Plaintiff filed the Complaint in the Supreme Court of the State of New York, New York County on February 2, 2024, . To the best of undersigned counsel being aware, and as of the filing of this Notice of Removal, Plaintiff has not served any of the Defendants. Accordingly,

this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based").

13. This action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending," pursuant to 28 U.S.C. § 1441(a). The United States District Court for the Southern District of New York embraces New York County, New York. 28 U.S.C. § 112(d).

14. Additionally, Plaintiff and Defendants are subject to personal jurisdiction in New York as claimed in the complaint.

15. No previous application has been made for the removal requested herein.

### Preservation of Rights and Defenses

16. All rights are reserved, including, but not limited to, defenses and objections as to venue and personal jurisdiction and the right to move for dismissal of the Complaint for, *e.g.*, failure to state a claim for relief and failure to sue the appropriate parties. The filing of this Notice of Removal is subject to, and without waiver of, any such defenses and objections.

17. The Defendants also reserve the right to amend or supplement this Notice of Removal.

**WHEREFORE,** Defendants RHEE-KARN and DOLLINGER respectfully give notice that the above-captioned civil action pending in the Supreme Court of the State of New York, New York County is removed to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1447.

Respectfully submitted:

*Douglas R. Dollinger, Esq.*
Douglas R. Dollinger, Esq. NYS Bar Code 2354926
Law Offices of Douglas R. Dollinger, PC
570 County Rt 49
Middletown, New York 10940

                       Telephone  845.741.9363  
                       Email: ddollingeresq@gmail.com  
                       Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2024, the foregoing Notice of Removal, and all exhibits thereto, were filed via this Court's electronic filing system and that copies of same were served upon all parties via overnight mail at the addresses listed in the Complaint and also filed in the New York County Clerk's Office-Supreme Court.

| | |
|---|---|
| Law Office of Susan Chana Lask | Law Office of Alexander M. Dudelson |
| Susan Chana Lask | Alexander M. Dudelson |
| 244 Fifth Avenue, Suite 2369 | 26 Court Street-Suite 2306 |
| New York, New York 10001 | Brooklyn, New York 11242 |
| (917) 300-1958 | (718) 855-5100 |

*Douglas R. Dollinger, Esq.*
Douglas R. Dollinger, Esq. NYS Bar Code 2354926
Law Offices of Douglas R. Dollinger, PC
570 County Rt 49
Middletown, New York 10940
Telephone  845.741.9363
Email: ddollingeresq@gmail.com
Attorney for Defendants