UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SUSAN LASK,

          Plaintiff,

- against -

MARGARET RHEE-KARN,
DOUGLAS R. DOLLINGER,

          Defendants.
------------------------------------------------------------X

24-CV-2666 (MGG) (RWL)

**REPORT AND RECOMMENDATION TO HON. MARGARET G. GARNETT: MOTION TO REMAND**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/3/2024

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Plaintiff Susan Lask, an attorney, filed this action in New York State Supreme Court, alleging that Defendants, attorney Douglas R. Dollinger, and his client, Margaret Rhee-Karn libeled her, targeting one of Lask's clients and thus interfering with that business relationship. Defendants removed the action to this Court on the basis of diversity jurisdiction. Lask now moves to remand the case back to state court. Because Defendants have failed to satisfy their burden to demonstrate that the Court has diversity jurisdiction, Lask's motion should be GRANTED.

**FACTUAL AND PROCEDURAL BACKGROUND**[1]

Lask, Dollinger, and Rhee-Karn have been embroiled in litigation with each other for years. In 2015, Rhee-Karn sued Lask for legal malpractice. Dollinger represents

---

[1] The facts are drawn from the Declaration of Beth Brice, filed May 10, 2024, at Dkt. 16 ("Brice Decl."); the Declaration of Defendant Attorney Dollinger, filed May 23, 2024, at Dkt. 18 ("Dollinger Decl."); the Declaration of Defendant Margaret Rhee-Karn, filed May 23, 2024, at Dkt. 18-1 ("Rhee-Karn Decl."); and the Declaration of Carlos Herrera, filed May 23, 2024, at Dkt. 18-2 ("Herrera Decl.").

1

Rhee-Karn in that action. The case has spawned many orders and decisions, including a trip to and back from the Court of Appeals. *See Rhee-Karn v. Lask*, No. 20-1577-CV, 2022 WL 619695 (2d Cir. March 3, 2022). Prior to that case, Dollinger, on behalf of another plaintiff, filed another malpractice case against Lask, during which Lask successfully moved for Dollinger's disqualification. *Franzone v. Lask*, No. 14-CV-3043, 2015 WL 1379066 (S.D.N.Y. March 26, 2015). Suffice to say there is no love lost between Lask and Dollinger.

**A.     The Instant Action**

On February 2, 2024, Lask commenced this action in New York State court by filing a Summons with Notice. (*See* Dkt. 1-1.) In the Notice portion, Lask alleges that Dollinger and Rhee-Karn have harassed and "stalked" Lask for years. In particular, Lask alleges that Rhee-Karn sent a text to one of Lask's clients making false claims about Lask. When the parties appeared in this court for the *Rhee-Karn v. Lask* case, Dollinger filed a letter stating that Rhee-Karn's statements are true. Lask accuses Dollinger of repeatedly making false representations in or about various legal matters. Lask asserts claims for libel per se, intentional interference with prospective economic relations, violation of the Judiciary Law § 487, and aiding and abetting civil conspiracy. She seeks damages of $1.1 million, punitive damages, attorney's fees, and other relief. The Notice identifies addresses for Rhee-Karn and Dollinger located in New York. The only address identified for Lask is her business address in New York; the Notice does not allege the state of her domicile or citizenship.

2

**B.     Service Of The State Court Papers On Dollinger**

Before attempting service by formal means, Lask sought Dollinger and Rhee-Karn's agreement to accept service. On March 20, 2024, Lask's co-counsel, Alexander Dudelson, mailed copies of the Summons and Notice to both Rhee-Karn and Dollinger, each at two different addresses, all within New York. (Dkt. 17-2.) Dudelson also emailed Dollinger and Rhee-Karn requesting that they accept service of the Summons and Notice to avoid having to pay a fee for service. (Dollinger Decl. ¶ 7.) Neither accepted. Instead, on March 25, 2024, Dollinger wrote to this Court about Lask's lawsuit, seeking sanctions and to enjoin Lask from pursuing the case, which Dollinger asserted was being pursued to improperly influence the then-upcoming trial on damages in *Rhee-Karn v. Lask*. (Dkt. 17-3.) Dollinger indicated that without such relief, he would remove the case to this Court. (*Id.* at 4.)

In addition to mailing the Summons and Notice, Lask attempted to personally serve both Dollinger and Rhee-Karn. According to the affidavit of service executed on April 1, 2024, a process server named James Predmore attempted to serve Dollinger at his last known place of business, 570 County Route 49, Middletown, New York. (Dkt. 17-4.) Predmore made three attempts, each unsuccessful. The attempts were made on March 28, 2024 at 2:47 pm, the same day at 8:17 pm, and the following day March 29, 2024 at 1:59 pm. As he did not serve the papers personally to Dollinger, the process server affixed a copy of them to the door of the premises. (*Id.*)

Dollinger avers that on or about March 27, 2024 – the day before the first service attempt at his business address – he became ill and was directed by his doctor to remain home and in bed. Dollinger did not return to his office until April 4, 2024. (Dollinger Decl.

¶ 10.) He does not assert that when he returned the legal papers were no longer affixed to the door of the premises.

**C.    Service Of The State Court Papers On Rhee-Karn**

The affidavit of service on file for service of the state court papers on Rhee-Karn indicates that service was made the morning of April 2, 2024, at 402 East 90th Street. (Dkt. 17-5.) There is no dispute that Rhee-Karn lives at that address. The affidavit of service, signed by Beth Brice, states that service was made by mail to Rhee-Karn's address and by personal service on "Carlos the doorman," a person of suitable age and discretion. Brice provided the following additional information: "Doorman called respondent [Rhee-Karn]. Respondent directed doorman to not allow server upstairs and to not receive the letter addressed to the respondent. … [Server] informed doorman that letter is being left in front of him on the desk and for it to be delivered to the respondent. Server exited building." (*Id*.)

The process server, Brice, submitted a declaration dated May 9, 2024, attesting that by "letter," Brice "mean[t] I served an envelope with the Summons and Notice described on the Affidavit inside the envelope and I told [the doorman] I was serving legal documents to deliver to Defendant Rhee-Karn." (Brice Affidavit ¶ 2.) With their opposition to the instant motion, however, Defendants filed the declaration of the doorman, Carlos Herrera, and a declaration from Rhee-Karn. Herrera attests that the woman who approached him on April 2, 2024, said that she had a letter for Rhee-Karn. (Herrera Decl. ¶ 1.) Herrera then called Rhee-Karn on the lobby telephone advising that a "lady" was in the lobby and had a "letter" for her. Rhee-Karn advised Herrera that she was not expecting anyone or a letter and not to let the person in or accept the letter. (*Id*. ¶ 2.)

4

According to Herrera, the woman never identified herself as a process server or said that she was leaving a summons with notice or legal papers in the envelope she left on the lobby desk. Nor did Herrera give the envelope to Rhee-Karn. (*Id.* ¶ 3.) Rhee-Karn's declaration corroborates Herrera and adds that she believed the woman about whom Herrera called her was a salesperson or other person trying to improperly gain access to the building. (Rhee-Karn Decl. ¶¶ 2-5.) Rhee-Karn never received the letter that was left in the lobby. (*Id.* ¶ 6.)

**D.     Removal To This Court**

Defendants removed the action to this Court on April 9, 2024. (Dkt. 1.) The Notice of Removal asserts federal subject matter jurisdiction on the basis of diversity pursuant to 28 U.S.C. § 1332. It asserts that both Rhee-Karn and Dollinger are citizens of New York; those assertions are supported by sworn declarations. (*Id.* ¶ 9; Dollinger Decl. ¶ 12; Rhee-Karn Decl. ¶ 8.) As for Lask, Defendants' Notice of Removal states that Lask is a citizen of New Jersey or Florida "and admits in court filings she is not a citizen or resident of New York." That statement is not supported with any citations to court filings or otherwise. (Dkt. 1 ¶ 8.). The Notice of Removal also claims to be timely because "[t]o the best of [Dollinger's] being aware, and as of the filing of this Notice of Removal, Plaintiff has not yet served any of the Defendants." (*Id.* ¶ 12.)

**E.     Lask's Motion To Remand**

On May 9, 2024, Lask moved to remand the case back to state court.[2] (Dkt. 14.)

---

[2] Lask's filing on May 9, 2024 was rejected for a technical error. (Dkt. 14.) Lask refiled on May 10, 2024. (Dkt. 15.) The Court finds that Lask met the May 9, 2024, filing date deadline set by the Court. (Dkt. 13.)

5

She filed a memorandum of law in support (Dkt. 17) ("Pl. Mem.") and a declaration from process server Brice. Defendants filed a memorandum of law "in support of their petition for removal" and in opposition to Plaintiff's motion to remand on May 23, 2024 (Dkt. 18-4) ("Def. Mem."), along with declarations from Dollinger, Rhee-Karn, and Herrera, the doorman at Rhee-Karn's apartment building. On June 7, 2024, Lask filed a reply memorandum of law (Dkt. 23) ("Reply Mem."). The matter has been referred to me for report and recommendation. (Dkt. 27.)

## DISCUSSION

Lask argues that the case should be remanded because Defendants have not established diversity jurisdiction as a basis for removal. She also invokes the forum defendant rule, arguing that because Defendants both are citizens of New York State, they could not remove the case after being served. Additionally, Lask contends remand is required because Defendants have a conflict of interest precluding the requisite unanimity to remove the case, and because the Notice of Removal was defective in failing to attach affidavits of service filed in state court. Defendants argue in response that they have demonstrated diversity; the forum defendant rule does not apply because neither Defendant was properly served; Rhee-Karn waived any conflict of interest; and the Notice of Removal complied with the rules, and, in any event, can be amended.

Lask's first argument is correct. Defendants have not met their burden to establish complete diversity of the parties. The motion to remand should be granted for that reason alone. Accordingly, the Court does not address Lask's additional arguments. The Court begins its analysis by setting out the legal standards governing removal and remand in cases where federal court jurisdiction is based on diversity of citizenship.

6

**A.     Standards Of Removal And Remand**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441.  As a general matter, "there is a presumption against removal, and uncertainties tend to weigh in favor of remand."  *Harraz v. EgyptAir Airlines Co.*, 2019 WL 6700946, at *2 (S.D.N.Y. Dec. 9, 2019). "[O]ut of respect for the limited jurisdiction of the federal courts and the rights of states, [the courts] must resolve any doubts against removability." *In re Methyl Tertiary Butyl Ether Product Liability Litigation*, 488 F.3d 112, 124 (2d Cir. 2007) (internal quotation marks omitted); *see also Taylor v. Medtronic, Inc.,* 15 F.4th 148, 150 (2d Cir. 2021) ("Because statutory procedures for removal are to be strictly construed, we resolve any doubts against removability") (citing *In re Methyl Tertiary*, 488 F.3d at 124) (internal quotation marks and brackets omitted)

If the basis for federal jurisdiction exists on the face of the initial pleading as filed, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1).  "If a complaint is vague, indeterminate, or otherwise fails to convey [the requisite] jurisdictional predicates," *Cutrone v. Mortgage Electronic Registration Systems, Inc.*, 749 F.3d 137, 146 (2d Cir. 2014), then "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  A party may conduct its own investigation, however, and on the basis of its

7

own information may remove the case at any time so long as the 30-day time limits of 1446(b) have not been triggered. *Cutrone*, 749 F.3d at 147.

District courts have original jurisdiction where the parties are diverse – i.e., "citizens of different States" – and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).[3] Determination of diversity jurisdiction is based on "the state of facts that existed at the time of filing." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004). Diversity between the parties must be complete; that is, when all plaintiffs are citizens of different states from all defendants. *See* 28 U.S.C. § 1332; *Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005). Under the forum defendant rule, however, when the basis for removal is diversity of citizenship, a defendant that is a citizen of the forum state may not remove a case after they have been served with the state court complaint. *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704-05 (2019) ("[W]here, as here, the only basis for federal subject-matter jurisdiction is diversity of citizenship under 28 U.S.C. § 1332, the forum defendant rule applies. Under that rule, which is set out at 28 U.S.C. § 1441(b)(2), a suit that is otherwise removable solely on the basis of diversity of citizenship may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought") (internal quotation marks, modifications, and citation omitted).

The removing party bears the burden to show that there is complete diversity between all plaintiffs and all defendants. *See Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 295-96 (2d Cir. 2000) (stating that, because the defendant sought removal to

---

[3] Federal courts also have original jurisdiction over disputes arising under federal law pursuant to 28 U.S.C. § 1331. Lask has not alleged any federal law claim.

8

federal court, defendant "bore the burden of establishing that the requirements for diversity jurisdiction were met"); *Wilds v. United Parcel Service Inc.*, 262 F. Supp.2d 163, 171 (S.D.N.Y. 2003) (stating that on a motion to remand, the burden of showing complete diversity falls on "the party seeking to sustain the removal, not the party seeking remand") (citation omitted).

"An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile ... [in other words] the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Group of Companies, Inc.*, 935 F.3d 49, 53 (2d Cir. 2019) (quoting *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal citation marks and citation omitted)). "At any given moment, a person has only one domicile, though it may change." *Finnegan v. Long Island Power Authority*, 409 F. Supp.3d 91, 96 (E.D.N.Y. 2022) (citing *Van Buskirk*, 935 F.3d at 53). "Domicile is not synonymous with residence; a party can reside in one place and be domiciled in another." *Kennedy v. Trustees of Testamentary Trust of Will of Kennedy*, 633 F. Supp.2d 77, 81 (S.D.N.Y. 2009) (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 47-49 (1989)), *aff'd*, 406 F. App'x 507 (2d Cir. 2010).

When subject matter jurisdiction, including diversity jurisdiction, is contested, courts may consider materials outside the pleadings. *See, e.g., Cutrone*, 749 F.3d at 146 ("Whether the jurisdictional prerequisites [of diversity jurisdiction] are in fact met … often involves consideration of materials outside the state-court pleadings") (quoting *Walker v. Trailer Transit Inc.*, 727 F.3d 819, 824 (7th Cir. 2013)); *Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010) ("Such materials can include documents appended to a notice of

removal or a motion to remand that convey information essential to the court's jurisdictional analysis").

**B.  Defendants Have Not Met Their Burden For Removal**

As the removing parties, Defendants bear the burden of demonstrating that the parties are completely diverse and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1); *Mehlenbacher*, 216 F.3d 291 at 295-96.  They may meet their burden based on what can be ascertained form the face of Lask's Notice and Summons or with additional evidence outside that pleading.  *Cutrone*, 749 F.3d at 147.  Lask's argument that the Notice and Summons does not qualify as an initial pleading from which subject matter can be ascertained is incorrect.  (*See* Pl. Mem. at 6.)  The Second Circuit has held that it can.  *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 205 (2d Cir. 2001) ("We therefore conclude that a summons with notice may serve as an initial pleading under section 1446(b)").

Defendants have met their burden to demonstrate that the monetary threshold of $75,000 required for diversity jurisdiction is met.  The Notice and Summons expressly states that as relief Lask "seeks damages of $1.1 Million Dollars, plus interest, costs and attorney fees."  (Dkt. 1-1 at 3.)  Defendants have not, however, met their burden to demonstrate complete diversity among the parties.  Complete diversity requires that Lask be a citizen of a state that is not the same as that of Rhee-Karn or Dollinger.  But Defendants have established only half of what is required.  Rhee-Karn and Dollinger both are citizens of New York, as demonstrated by the declarations of Rhee-Karn and Dollinger averring both the state of their citizenship and the specific addresses where they live.  (Rhee-Karn Decl. ¶¶ 2, 8 and Dollinger Decl. ¶¶ 2, 12.)

Defendants have not met their burden, however, with respect to Lask.  "The facts required to support the removal petition" on grounds of diversity "include the amount in controversy and the address of each party."  *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001).  With respect to the latter requirement, the Second Circuit explained in *Whitaker:*  "Federal diversity jurisdiction and, hence, removability, could not have been ascertained from the face of Whitaker's summons with notice" where it failed to "identify the addresses of defendants. … This defect makes it impossible to assess whether there is complete diversity and, hence, a basis for removal."  *Id.*

Here, the Summons and Notice does not provide the address, or even the state for that matter, where Lask is domiciled as a citizen.  It does identify her place of business – a law office in New York City – but nothing as to where she lives.  Moreover, the addresses provided on the civil cover sheet filed with the Notice of Removal identify both Defendants ***as well as Lask*** as citizens of the same state, New York.  Although checking off boxes indicating that Defendants are citizens of New York while Plaintiff is a citizen of another state, the civil cover sheet lists only Lask's New York City law office address in the immediately following spaces for identifying the parties' "addresses and counties" for purposes of determining diversity.  (*See* Dkt. 2.)  The legal effect of the civil cover sheet is limited.  *See Favors v. Coughlin*, 877 F.2d 219, 220 (2d Cir. 1989) ("The civil cover sheet, of course, is merely an administrative aid to the court clerk, and is therefore not typically considered part of a litigant's pleading papers").  Nonetheless, as a factual matter, the only address Defendants have identified for Lask is in New York.

11

Rather than providing a home address for Lask,[4] the Notice of Removal merely states in conclusory fashion that Lask is a citizen of New Jersey or Florida "and admits in court filings she is not a citizen or resident of New York."  (Dkt. 1 ¶ 8.).  Yet Defendants have not provided any evidence to support any part of that proposition.  They have not provided a New Jersey or Florida address for Lask, instead providing only Lask's New York business address.  Nor have they presented any court filings in which Lask admitted to not being a citizen or resident of New York.  And, even if they had, diversity jurisdiction cannot be established merely by alleging that one party is *not* a citizen of a particular state.  *See Kenshoo, Inc. v. Aragon Advertising, LLC*, 586 F.Supp.3d 177, 180 (E.D.N.Y. 2022) ("District courts in this Circuit regularly hold that allegations that a party is a citizen of a different state … are insufficient to invoke diversity jurisdiction").  Moreover, Defendants have not indicated whether the purported admissions were made at a time relevant to either when Lask commenced her state court action or when Defendants removed it.  *See Vasura v. Acands*, 84 F. Supp.2d 531, 535-56 (S.D.N.Y. 2000) ("Where removal is predicated upon diversity, a case is not removable unless the parties were diverse not only at the time removal is sought but at the time the state court complaint was filed. … If the record … does not reflect diversity at both stages, removal was improper and the case must be remanded.") (internal citations omitted).

---

[4] To be clear, a home address is only one factor relevant to determine an individual's domicile. "Factors frequently taken into account include current residence, voting registration, driver's license and automobile registration, location of brokerage and bank accounts, membership in fraternal organizations, churches, and other associations, places of employment or business, and payment of taxes." *Bank of India v. Subramanian*, No. 06-CV-2026, 2007 WL 1424668, at *3 (S.D.N.Y. May 15, 2007).  Defendants have not offered any such facts about Lask to support removal.

Defendants note that Lask has not denied being a citizen of either New Jersey or Florida. (Def. Mem. at 2-3.) But as the removing parties, Defendants have the burden to demonstrate that diversity exists, and the absence of a denial does not suffice to do so. *See Ymbras v. Inserra Supermarkets, Inc. et al.*, No. 24-CV-0066, 2024 WL 532716, at *2 (S.D.N.Y. Jan. 10, 2024) (remanding case *sua sponte* because "Plaintiff's failure to respond to Defendants' Notice to Admit is insufficient to establish citizenship for jurisdictional purposes"). Moreover, in *Rhee-Kharn v. Lask*, Lask affirmatively **denied** being a citizen of New Jersey, and no allegation was made that she was a citizen of Florida. (*Compare Rhee-Karn v. Lask*, 15-CV-9946, Dkt. 57 ¶ 15 (second amended complaint alleging that Lask is and was a citizen of New Jersey) *with id.* Dkt. 121 ¶ 15 (answer denying New Jersey citizenship).)

Defendants also argue that rather than remanding the case, the Court should permit them to amend their Notice of Removal pursuant to 28 U.S.C. § 1653, which provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Although Defendants fail to cite it, there is authority in this Circuit favoring the opportunity to amend a notice of removal. *See Grow Group, Inc. v. Jandernoa*, No. 94-CV-5679, 1995 WL 60025, at *1-2 (S.D.N.Y. Feb. 10, 1995) (citing 28 U.S.C. § 1653 and stating that "[w]hen diversity is not absent from a notice of removal but is defectively alleged, the majority of cases cited in this District, and every Court of Appeals decision cited by the parties on this issue has allowed the removing party to amend").[5]

---

[5] Defendants instead cite *Corporate Management Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir. 2009). That case is inapt because the Eleventh

Defendants, however, have not demonstrated a basis to amend or offered any new information that would make a difference. Defendants simply cite back to the defective allegations of citizenship in their Notice of Removal and assert that their newly submitted declarations attesting to their own citizenship provide the requisite information. (Def. Mem. at 2-3 ("Clearly, the jurisdictional requirement for diversity of citizenship and monetary threshold were met or may be amended. Defendants have done so by their Declarations").) Conspicuously, however, they have not provided any further information about, or proposed amendment to establish, Lask's citizenship. They simply have not carried their burden.

"Second Circuit law is … clear that [the district court] can either remand the case to state court because the removing party failed to demonstrate complete diversity of citizenship or exercise [its] discretion to order further discovery to determine whether there was complete diversity of citizenship." *Hines v. Azoth Investment SPC Ltd.*, No. 21-CV-10309, 2022 WL 683996, at *2 (S.D.N.Y. March 8, 2022) (quoting *Platinum-Montaur Life Sciences., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 618 (2d Cir. 2019) (internal quotation marks and modifications omitted)). Defendants have not requested the opportunity for jurisdictional discovery. Moreover, "such discretion should be

---

Circuit reversed the district court's *sua sponte* remand without having heard from the removing party. *Id.* at 1296-97 (discussing *In re Allstate Insurance Co.*, 8 F.3d 219, 221 (5th Cir.1993) (remanding for same reason)). Here, in contrast, the Court presently is ruling on a motion to which Defendants have had the opportunity to respond. Defendants also cite *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 654 (7th Cir. 1998). In that case, the court granted a motion to amend the notice of removal to properly allege citizenship of the parties. There is no indication that the motion was opposed. Regardless, and as discussed above, in contrast to both *Corporate Management Advisors* and *McMahon*, the information Defendants have presented and contend is sufficient to amend does not establish complete diversity.

14

exercised with caution." *Platinum-Montaur Life Sciences*, 943 F.3d at 618 (citing *Lupo v. Human Affairs International, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) ("Removal procedures seek a rapid determination of the proper forum for adjudicating an action")). "Given this, and out of respect for the congressional intent to restrict federal court jurisdiction, as well as the preference for resolving any doubts against removability," the case should be remanded. *Hines*, 2022 WL 683996, at *2 (quoting *Lupo*, 28 F.3d at 274) (internal quotation marks omitted).

## CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's motion to remand be GRANTED. To the extent not discussed herein, the Court has considered the parties' arguments and found them to be either moot or without merit.

## DEADLINE FOR OBJECTIONS AND APPEAL

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules Of Civil Procedure, the parties shall have fourteen (14) days to file written objections to this Report And Recommendation. Any party shall have fourteen (14) days to file a written response to the other party's objections. Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Margaret G. Garnett, United States Courthouse, 40 Foley Square, New York, New York 10007, and to the Chambers of the undersigned, at United States Courthouse, 500 Pearl Street, New York, New York 10007. Any request for an extension of time for filing objections must be addressed to Judge Garnett. **Failure to file timely objections will result in a waiver of the right to object and will preclude appellate review.**

          Respectfully Submitted,

          _____
          ROBERT W. LEHRBURGER
          UNITED STATES MAGISTRATE JUDGE

Dated: September 3, 2024
       New York, New York

Copies transmitted this date to all counsel of record.