Motion denied in light of Defendants' representation that no such subpoena was ever served.

SO ORDERED:

4/28/2025

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

*Law Offices of*
## SUSAN CHANA LASK

*244 Fifth Avenue, Suite 2369*
*New York, N.Y. 10001*

(917) 300-1958

www.appellate-brief.com

<u>VIA ECF</u>
April 18, 2025

Honorable Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: <u>Lask v Rhee-Karn et al, Docket 24-cv-02666</u>

Dear Judge Lehrburger:

    I respectfully submit this letter motion to request the Court's intervention concerning Defendants' improper issuance and concealment of a third-party subpoena under Fed. R. Civ. P. 45. Specifically, in violation of Rule 45(a)(4), Defendants did not serve Plaintiff with a copy of a subpoena they issued to a third party for a surveillance videotape.

    At the April 17, 2025 traverse hearing, Defendant Karn testified that she had reviewed a surveillance videotape from her building. When I requested production of that videotape, the Court responded that I could have subpoenaed it myself. I replied that I had no knowledge the video existed. Then Defendant Dollinger confirmed that the video was obtained via a subpoena he issued, stating dismissively, "You can go subpoena it like we did!"

    That is not how the Federal Rules of Civil Procedure operate. Regardless of what Plaintiff could have done or Dollinger directing go do it yourself, Rule 45(a)(4) unequivocally states:

> "If the subpoena commands the production of documents, electronically stored information, or tangible things... then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party."

Fed. R. Civ. P. 45(a)(4).

That obligation falls squarely on the issuing party. Defendants deliberately withheld notice of the subpoena in violation of the Rule. Indeed, there is "no colorable basis, either legally or factually," for issuing subpoenas without serving prior notice to opposing counsel. *Murphy v. Bd. of Educ. of the Rochester City Sch. Dist.*, 196 F.R.D. 220, 225 (W.D.N.Y. 2000).

*LAW OFFICES OF SUSAN CHANA LASK*
Page 2 or 2
4/18/25 Lehrburger

   Moreover, this is not an isolated incident. Defendants previously issued a secret subpoena early in the *Karn v. Lask* case, demonstrating a pattern and practice of disregarding rules. This behavior undermines the integrity of the litigation process and is plainly inconsistent with the principles of fair and transparent proceedings required in this Court.

   The prejudice to Plaintiff here is manifest. First, rules exist for a reason, and they must be followed to ensure fairness. No less, a litigant is entitled to the rules being enforced in the Court. Second, one example of prejudice in the proceeding by Defendants violating the rule, is that Defendants' witness, Carlos the doorman, alleged that the licensed process server "threw" an envelope at him—an inflammatory claim against a professional process server made to prejudice her. Had Defendants served the subpoena on Plaintiff, then Plaintiff would have had access to the same video and would have been in a position to challenge or refute that account. That opportunity was unlawfully denied. Whether or not Plaintiff was prejudiced from Defendants concealing the subpoena and related evidence is not the issue. *Murphy,* supra.

   Indeed, the importance of the video was highlighted by the Court when after Plaintiff requested it, the Court stated it would have wanted it for itself if it had audio. Hence, if the Court would want it for its own reasons, then surely Plaintiff has the right to it for her reasons as a litigant. Additionally, the video may contain evidence of perjury, making the lack of disclosure even more consequential.

   Accordingly, Plaintiff respectfully requests that the Court issue an Order directing Defendants to:

-Immediately produce to Plaintiff all subpoenas issued by Defendants in this case;

-Produce a copy of the surveillance videotape obtained via the concealed subpoena; and

- Admonish Defendants that such conduct—violating the Federal Rules and depriving opposing counsel of fair notice—will not be tolerated in these proceedings.

   Thank you for your attention to this matter.

                                        Very truly yours,
                                        **LAW OFFICES OF SUSAN CHANA LASK**

                                        /s/ Susan Chana Lask

                                        **SUSAN CHANA LASK**