Denied.

SO ORDERED:

4/29/2025

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

*Law Offices of*
### SUSAN CHANA LASK

*244 Fifth Avenue, Suite 2369*
*New York, N.Y. 10001*

**(917) 300-1958**                    www.appellate-brief.com

<u>VIA ECF</u>
April 28, 2025

Honorable Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: <u>Lask v Rhee-Karn et al, Docket 24-cv-02666</u>

Dear Judge Lehrburger:

Plaintiff respectfully submits this letter to address Defendant's latest declaration filing, which is highly suspect and should be denied for the following reasons. Plaintiff also responds to Defendants' prohibited request to file a sur-reply by falsely blaming Plaintiff for what is actually Defendants' violation of this court's order.

On April 25, 2025, I spoke with Mr. Dan Posner, supervisor of the building's manager, Mr. Dan Adams. Mr. Posner informed me that he would not release video footage without a subpoena and that he will have Mr. Adams contact me. Later that day, Mr. Adams confirmed that the building does not provide copies of surveillance videos and a resident may view footage only upon written request, and even then, a subpoena may be required. He also stated that video recordings are retained for only 90 days. **Exhibit A.**

Further, Mr. Adams advised that all doormen are required to log in a desk book any item left at the front desk, regardless of whether the item or the person leaving it is identified, and he stated that he doubts that a superintendent would escort a process server to a resident's door after the resident has denied access — directly contradicting the testimony of the doorman Carlos, who claimed he received the documents under those circumstances. Mr. Adams emphasized that it is a serious breach of building procedure for Carlos to have testified that he received an envelope for a resident but failed to log it, as required.

The inconsistencies and contradictions in Defendant's and Carlos' testimony, both of which were made under penalty of perjury, are deeply troubling and would not have surfaced had Mr. Dollinger not initially stated at the hearing that he had subpoenaed and obtained the surveillance video, with Defendant Karn also testifying that Mr. Dollinger possessed the video.

Now, in his recent declaration (DE 74), Mr. Dollinger attempts to retreat from that position, stating that his assertion that he subpoenaed the video was a mere "misstatement, if it was said at all." In fact, both I and my assistant, who was present in the courtroom gallery, clearly heard Mr. Dollinger state that a subpoena had been served and that he had the video in his possession.

***LAW OFFICES OF SUSAN CHANA LASK***
**Page 2 or 2**
**4/28/25 J. Lehrburger**

Given these events, it is clear that the credibility of Defendant Karn, doorman Carlos, and Mr. Dollinger is highly suspect. Their testimony and representations must be subject to further scrutiny, particularly in light of Defendant Karn's testimony relying on a video that her own building manager confirms would not have been released without a subpoena.

False testimony under oath not only prejudices Plaintiff but also undermines the integrity of these proceedings and should not be countenanced. See also *Shangold v. Walt Disney Co.*, 275 Fed. App'x 72, 73-74 (2d Cir. 2008) (affirming dismissal of claims where party engaged in fabrication of evidence). Indeed, today Mr. Dollinger claims he made the statement he subpoenaed the video, while Defendant Karn testified that he has a video that the building manager informed it could not be released yet somehow Defendants have a "video" they testified they watched.

Last, Mr. Dollinger made yet another misrepresentation in his letter of today that he should file a "sur-reply" to Plaintiff's letter last week because Mr. Dollinger falsely accuses Plaintiff of post-briefing. DE 72. The record is clear that Plaintiff's letter was limited to addressing Defendant Dollinger's prohibited "post-brief" and showing that he fabricated law in doing so. DE 71. This shifting of blame by Mr. Dollinger for his own violations of the law is a pattern and practice he engages in this case and other cases that resulted in sanctions against him for the exact misconduct.

Pursuant to the Court's inherent authority to protect the integrity of judicial proceedings (see *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-46 (1991); *McMunn v. Memorial Sloan-Kettering Cancer Center*, 191 F. Supp. 2d 440, 445 (S.D.N.Y. 2002), Plaintiff respectfully requests that

1. Disregard Defendants' suspect testimony, deny their requested relief, and order any further appropriate proceedings to address these serious credibility issues; and

2. Deny Defendants' request for a "sur-reply", recognizing the fact that Plaintiff brought to this Court's attention that Defendants used the issue of Rule 45 as a vehicle to post-brief *service* that this court previously prohibited.

Thank you for your attention to this matter.

Very truly yours,
**LAW OFFICES OF SUSAN CHANA LASK**

/s/ Susan Chana Lask

**SUSAN CHANA LASK**