UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SUSAN LASK,

                    Plaintiff,  :    24-CV-2666 (MMG) (RWL)

      - against -

                                    **ORDER ON MOTION**
MARGARET RHEE-KARN,                 **FOR RECONSIDERATION**
and DOUGLAS R. DOLLINGER,

                    Defendants.
------------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Plaintiff Susan Lask has moved for reconsideration of this Court's Order and Report and Recommendation issued on May 6, 2025, at Dkt 83 (the "Order"). (*See* Dkt. 88.) The Court issued the Order to resolve Defendant Douglas R. Dollinger's motion for reconsideration of the Court's earlier determination that the case should be remanded to state court. (*See* Dkt. 28.) Among other things, the Order found that Lask had not properly served Dollinger. (Dkt. 83 at 22-29.) The Order also found that, in moving to remand this case back to state court, and based on newly discovered evidence, Lask had not been candid with the Court about her state of domicile. (*Id.* at 39-41.) Lask now seeks reconsideration of the Court's determination regarding service on Dollinger. Ironically, the basis for Lask's motion for reconsideration is her argument that newly discovered evidence demonstrates that Dollinger deceived the Court about his home address. (Dkt. 88-1 at 1-4.)

## Background

Lask served Dollinger by the "nail and mail" method prescribed by NY CPLR § 308(4). The serving party may resort to that method of service only after attempts at

1

personal service have been made with due diligence. *Id.* The Court found that Lask had not exercised the requisite due diligence and therefore could not resort to nail and mail service. (Dkt. 83 at 23-26.) In particular, the Court found that Lask's process server attempted to serve Dollinger only at his place of business without also attempting service at his home. (*Id.* at 25.)

The Court's Order recognized that Dollinger had separate home and business addresses, the latter being 570 County Route 49, Middletown, NY 10940. (*See* Dkt. 83 at 23.) Lask herself included both addresses in her Summons and Notice (the "Summons") by which she initiated the case in state court. (Dkt. 1-1 at ECF 1.) The affidavit of Lask's process server attested to affixing the Summons at Dollinger's place of business at 570 County Route 49, Middletown, NY 10940. (Dkt. 17-4.) The process server further attested to confirming that 570 County Route 49 was Dollinger's business address: "According to the New York State Unified Court System 570 County Route 49 Middletown, NY 10940-6883 is listed as the law office of Defendant Douglas Dollinger." (*Id.* at ECF 2.) The process server checked the affidavit's boxes for serving Dollinger at his place of business and did not check any box for service at his dwelling place or last known residence. (*Id.*) Nor did the process server indicate any attempt to serve Dollinger at the other address included in Lask's Summons, 1 Schindler Court, Apt. 6, Middletown, NY 10940-2003. (*See id.*; Dkt. 1-1 at ECF 1.)

## Legal Standards

The Court's Order set forth the standards for a motion for reconsideration. (Dkt. 83 at 9-10.) Motions for reconsideration are "addressed to the sound discretion of the district court." *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990).

The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration also "may be granted based upon 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Cunningham v. Cornell University*, No. 16-CV-6525, 2020 WL 1165778, at *1 (S.D.N.Y. March 11, 2020) (quoting *Virgin Atlantic Airways, Ltd. v. National Mediation Board*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

A party moving for reconsideration premised upon the discovery of new evidence must be able to point to "evidence that was 'truly newly discovered or could not have been found by due diligence.'" *Space Hunters, Inc. v. United States*, 500 F. App'x 76, 81 (2d Cir. 2012) (summary order) (quoting *United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir. 1983)). "A motion to reconsider is not petitioner's opportunity to put forward evidence that he could have, but failed, to provide the Court when the Court initially considered the motion." *United States v. Posada*, 206 F. Supp.3d 866, 868 (S.D.N.Y. 2016) (internal quotation marks and citation omitted).

## Discussion

Lask does not meet the standard for reconsideration. Her motion advances two items she contends are newly discovered evidence calling into question Dollinger's home address at the relevant time (late March to early April 2024). First, Lask cites to a settlement agreement signed by Dollinger on December 11, 2023, in which the notarization states that Dollinger swore that he "resides" at 570 County Route 49. (Dkt.

3

88-1 at 1; Dkt. 88-5 at ECF 37.)  Second, Lask cites a police report of an auto accident that Lask describes as listing "Dollinger's residential address as 570 County Route 49, based on his driver's license."  (Dkt. 88-1 at 1.)

Even if newly discovered, neither item merits reconsideration.  Contrary to Lask's description, the police report does not refer to the 570 County Route 49 address as Dollinger's "residential" address or any equivalent term. The report simply identifies Dollinger's license number and his having an address at 570 County Route 49.  (Dkt. 88-6 at ECF 1.)  Even if that address is the address identified on Dollinger's license, it proves nothing about whether the address is Dollinger's home or place of business.  The settlement agreement is no more probative of 570 County Road 49 being Dollinger's home address rather than his place of business, and nowhere does it use the terms used by New York's service-of-process rule; i.e., "dwelling place or usual place of abode."  NY CPLR § 308(1), (4).  Moreover, the date when Dollinger signed the settlement agreement is December 11, 2023, several months prior to when Lask purported to serve Dollinger in late March 2024.  (Dkt. 88-5 at ECF 37.)

In any event, Dollinger has submitted unrebutted affidavits of persons confirming that at all relevant times, his home address has been 1 Schindler Court, Apt. 6, Middletown, NY 10940, and the County Route address has been his place of business. (Dkt. 90-1 ¶¶ 2-3 (attestation by a Dollinger client who has visited Dollinger at his home at 1 Schindler Court on multiple occasions); Dkt. 90-2 ¶¶ 4-6 (attestation by Defendant Rhee-Karn that she, too, has visited Dollinger at his home at 1 Schindler Court on multiple occasions); Dkt. 90 at ECF 5 ¶ 17 (Dollinger's attestation that 1 Schindler Court has been his personal residence since March 2017).)

4

Lask argues that the declarations submitted by Dollinger are "negate[d]" because Dollinger misrepresented to the Court that "he was so sick during March 27 through April 5, 2024 that his doctor ordered him home where he stayed sick in bed – doing nothing else." (Dkt. 88-1 at 3-4.)  As proof of Dollinger's alleged dissembling, Lask identifies several legal documents that Dollinger filed during that week. (*Id.*)  Once again, however, Lask overstates the record.  Dollinger never attested to "doing nothing else" while being sick at home; rather, he merely explained that he had been "directed by my doctor to remain home and in bed.  I did not return to my office until April 4, 2024." (*See* Dkt. 18 ¶ 10.)  It is hardly surprising that an attorney sick at home nevertheless may be able to conduct some work and file documents with the Court remotely.

But even if Dollinger sometimes used the County Route address for residential purposes in addition to business purposes, the service attempts made by the process server still would not fulfill the due diligence required before resorting to nail and mail service.  As the Order explained, the process server did not exercise due diligence for several reasons, most of which apply regardless of whether Dollinger lived at the County Route address. (*See* Dkt. 83 at 25.)  Most egregiously, while the Summons expressly provided the process server with two separate addresses for Dollinger, the process server only tried to find Dollinger at one of those addresses – the County Route address.  And even though the process server found no indicia of anyone present at the County Route address and was informed by a neighbor that they did not know who lived at the address, nothing in the process server's affidavit indicates that he attempted to serve Dollinger at the other address provided, 1 Schindler Court, Apt. 6. (*See* Dkt. 17-4.)  Having ignored the Schindler Court address, the process server did not exercise due diligence. *See, e.g.*,

5

*Ramirez v. Escobar*, 228 A.D.3d 791, 792-93, 213 N.Y.S.3d 418, 420 (2d Dep't 2024) (plaintiff failed to establish due diligence where prior attempts at personal delivery to defendant's residence occurred during work hours and where there was "no evidence that the process server made any genuine inquiries about the defendant's whereabouts and place of employment"); *Estate of Waterman v. Jones*, 46 A.D.3d 63, 67, 843 N.Y.S.2d 462, 465 (2d Dep't 2007) (plaintiff failed to satisfy due diligence requirement where process server unsuccessfully served defendant at their place of business but, "[s]ignificantly, the affidavit of service d[id] not describe any efforts to ascertain the defendant's whereabouts, dwelling place, or place of abode"); *Earle v. Valente*, 302 A.D.2d 353, 353-54, 754 N.Y.S.2d 364, 366 (2d Dep't 2003) (plaintiff did not exercise due diligence where process server attempted service at defendant's residence three times but made no attempt to determine the defendant's business address and to effect personal service at that location).

In sum, Lask has not demonstrated that the newly discovered evidence she cites warrants a different outcome. As alternative relief, Lask asks that the Court permit jurisdictional discovery or supplemental briefing on the issue of proper service. (Dkt. 88-1 at 4.) But the same reasons that warrant denying reconsideration also warrant denying the requested alternative relief. Lask has not provided sufficient proof to call into question her failure to ensure that Dollinger was properly served, and the parties have had sufficient opportunity to brief the matter in their filings for and against reconsideration. (*See* Dkts. 88, 90.)

**Conclusion**

Accordingly, Lask's motion for reconsideration is DENIED. To the extent not discussed above, the Court has considered Lask's arguments and found them to be either moot or without merit. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 88.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: June 5, 2025
      New York, New York

Copies transmitted this date to all counsel of record.