*Law Office of*

*Douglas R. Dollinger, P.C.*

*& Associates, Counselors at Law*

*Admitted to Both*
*State and Federal Practice*

*Telephone*

*845.741.9365*

*Affiliated Offices*
San Francisco California
New York City New York

570 County Route 49
Middletown, New York 10940
ddollingeresq@gmail.com

October 12, 2025

**VIA ECF**
United States District Court
Southern District of New York
500 Pearl St.
New York, New York 10007-1312
The Honorable Margaret M. Garnett, USDJ

Re: *Lask v. Rhee-Karn et al.*, 24-cv-2666 — Opposition to Enlargement Request

Your Honor:

Plaintiff respectfully submits this letter to oppose Defendant Susan Lask's request for an enlargement of time filed on October 10, 2025 (Dkt. 107). This request should be denied. It rests on demonstrably false representations to the Court and is part of a long-standing pattern of harassment and delay directed toward both Plaintiff Karn and undersigned. Her requests are documented across the dockets of this action and *Rhee-Karn v. Lask*, 15-cv-9946.

The Defendant's Enlargement Motion is premised on misrepresentation with claims that she suffers from a serious vision impairment, diagnosed on August 29, 2025, which purportedly prevents her from working consistently. She asserts that "unpredictable flare-ups" and "stabbing ocular pain" made her unable to comply with the Court's two-business-day filing rule, requesting a *nunc pro tunc* extension through October 17, 2025.

However, during this same period, Ms. Lask drafted, signed, and filed a 36-page sanctions memorandum and supporting papers against Plaintiff Karn and undersigned as her counsel. ECF 558, 15-cv-9946 (RWL). This filing required extensive legal research, drafting, and factual work, directly belying her claims of incapacity and demonstrating that she was actively litigating while representing to the Court that she could not work. Her enlargement request is therefore not based on genuine inability but on calculated misrepresentation and extension of her conduct towards this Court. Plaintiff and the undersigned .

There is a documented pattern of serial enlargement requests where the enlargements are followed with Motions intended to attack, harass and injure Plaintiff and the undersigned. This latest enlargement request should be understood in the context of Ms. Lask's well-documented pattern of serial extension and enlargement requests throughout this litigation. Since May 2024, she has sought at least eleven extensions, often in rapid succession for the same deadlines. These include:

1. Dkt. 19 (May 28, 2024) — first extension request; the Court noted Ms. Lask had "exaggerated the volume of material" but nonetheless granted the request (Dkt. 22).

2. Dkts. 31, 33, 37, 39, 41, 45 (Sept.–Dec. 2024) — successive extensions and enlargements, several on consent, all granted.

3. Dkts. 86, 89, 93 (May–June 2025) — multiple further enlargements of time to object to the R&R, all granted.

4. Dkt. 105 (Oct. 8, 2025) — extension for reconsideration filings, denied as untimely (Dkt. 106).

5. Dkt. 107 (Oct. 10, 2025) — the instant enlargement request, based on claimed medical incapacity.

Throughout this period, Ms. Lask simultaneously pursued aggressive filings—such as sanctions motions and opposition papers—demonstrating her ability to work while invoking medical claims to gain indulgences from the Court. This mirrors her conduct in *Rhee-Karn v. Lask*, 15-cv-9946, where she similarly sought repeated extensions while filing motions to disqualify and for sanctions.

The Defendant's tactics are deliberate and prejudicial; they have injured and continue to injure Plaintiff and counsel. Her filings are not isolated missteps; they form part of a broader campaign of harassment and are riddle with lies, manipulation of fact and outright fabrication. Her sanctions memorandum is not just filled with knowingly false statements, distortions, and accusations aimed at discrediting plaintiff and counsel rather than advancing legitimate legal arguments. Her reliance on medical claims in this context is not credible.

Her pattern of serial enlargement requests, combined with contemporaneous filings that contradict the claimed incapacity, demonstrates a deliberate strategy to delay proceedings while continuing her campaign against opposing parties and counsel. This conduct has caused cumulative prejudice, consumed judicial resources, and undermined the orderly progression of the case.

For these reasons, Plaintiff respectfully requests that the Court:

1. Deny Ms. Lask's enlargement request in its entirety.

2. Take judicial notice of her contemporaneous filings undermining her claimed inability to work, as well as her extensive history of enlargement requests documented above; and

3. Consider issuing a warning or other appropriate relief to deter further misuse of medical claims and extension motions for tactical purposes.

Respectfully submitted,

*Douglas R. Dollinger, Esq.*
Douglas R. Dollinger, Esq.
DRD/mg ECF Filed.

Opposition to Plaintiff's Motion for an Enlargement, October 12, 2025.          Pg. 2