*Law Offices of*
# SUSAN  CHANA  LASK

**244 Fifth Avenue, Suite 2369**
**New York, N.Y.  10001**

**(917)  300-1958**                                   **www.appellate-brief.com**

October 14, 2025

Hon. Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

Re: #24-cv-02666 Lask v Rhee-Karn et al,

Dear Judge Garnett:

I write in reply to Defendant's October 13, 2025 letter (ECF 108), which on its face violates the first rule of your Individual Rules—civility. The submission is saturated with false accusations, distortions, and personal attacks that have no place in this litigation and are wholly unnecessary in response to a brief extension request.

1. Misrepresentation Regarding Medical Condition

Defendant's counsel falsely claims that my medical diagnosis is fabricated and relies on the misleading assertion that I "drafted and filed a 36-page motion" during the same week I requested the extension. That is a patent falsehood. The papers he references are from another matter, and were drafted over the course of months before this extension was requested, and were filed at the time they were precisely because of the onset of my vision issues. No attorney could prepare a 36-page submission with exhibits in a single week. Defendant cites no record, evidence, or factual basis whatsoever to support that assertion.

2. Irrelevant and Distorted History of Extensions

Defendant next recites a list of prior extension requests, unrelated to the pending medical issue and the first one I recall involved my co-counsel requiring time, and others were on consent. Extensions are routinely granted in federal litigation for scheduling or personal reasons, and none of those prior requests has any bearing on the discrete *nunc pro tunc* extension sought here. Defendant's selective quotations from older docket entries are misleading and offered solely to create prejudice.

3. Baseless Characterizations and Personal Attacks

Defendant's letter claims my extension request is part of a "long-standing pattern… intended to attack, harass and injure [Defendant] and counsel," and that my filings are "riddle[d] with lies, manipulation of fact and outright fabrication." Defendant also attempts to drag an unrelated case into this one, mischaracterizing filings there to inflame and prejudice this matter. These statements are not only false and wholly unsupported by a single citation, but they are uncivil on their face and violate federal law and Your Honor's Rule that obviously includes requiring counsel to refrain from personal attacks. The Court should disregard such rhetoric entirely. That conduct itself is prejudicial and wastes judicial resources.

4. The Only Issue Before the Court Is a Brief Extension

This was a short and reasonable request based on a medical condition. Defendant's counsel used it as a platform for personal attacks and irrelevant argument. The Court should disregard the October 13 submission in its entirety as uncivil, misleading, and untethered to the narrow procedural issue before the Court.

For these reasons, I respectfully maintain that the requested brief extension was made in good faith, is supported by good cause, and should be granted. Defendant's letter should be disregarded as it relies on falsehoods, improper insinuation, and irrelevant material.

Very truly yours,
**LAW OFFICES OF SUSAN CHANA LASK**

/s/ Susan Chana Lask

**SUSAN CHANA LASK**